

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NO. WR-82,245-01

**EX PARTE KENDRICK DARON FLETCHER, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS**
**CAUSE NO. 17931-A IN THE 329TH DISTRICT COURT**
**FROM WHARTON COUNTY**

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver a controlled substance and sentenced to fifty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Fletcher v. State*, No. 13-13-00444-CR (Tex. App. – Corpus Christi - Edinburg, January 30, 2014, *pet. ref'd*.)

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

because counsel failed to investigate or communicate with Applicant adequately before trial, and failed to object when the State moved to amend the indictment to add a drug free zone allegation on the day of trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state whether he communicated with or met with Applicant prior to the day of trial, and whether he performed any independent investigation of the facts in this case. Trial counsel shall state whether he advised Applicant of his rights and his options, and as to whether he had notice that the State was seeking to amend the indictment. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 5, 2014
Do not publish